NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 12 2022

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| BRENDA BERNICE RAMIREZ-CORDOVA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No.  20-70397 <br><br> Agency No. A205-466-331 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued October 22, 2021
Submission Deferred October 25, 2021
Submitted August 10, 2022
San Francisco, California

Before:  WATFORD and HURWITZ, Circuit Judges, and BAKER,** International
Trade Judge.

Brenda Bernice Ramirez-Cordova, a citizen of Mexico, seeks review of a

Board of Immigration Appeals decision dismissing an appeal from an Immigration

---

\*    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*    The Honorable M. Miller Baker, Judge for the United States Court of
International Trade, sitting by designation.

Judge (IJ) order denying withholding of removal and Convention Against Torture (CAT) relief. She asks us to find that the agency lacked jurisdiction over her case under *Pereira v. Sessions*, 138 S. Ct. 2105 (2018), or alternatively to remand for her to apply for cancellation of removal in light of *Pereira* and *Niz-Chavez v. Garland*, 141 S. Ct. 1474 (2021). We deny the petition.

1. Ramirez-Cordova argues that the absence of time, date, and location information in her notice to appear forecloses *any* agency jurisdiction, citing *Karingithi v. Whitaker*, 913 F.3d 1158 (9th Cir. 2019), and *Pereira*. This argument is foreclosed by our recent en banc decision in *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1192–93 & n.7 (9th Cir. 2022), holding that an undated notice to appear later supplemented by a notice of hearing does not divest the IJ of subject-matter jurisdiction. Ramirez-Cordova received such a subsequent notice of hearing. Accordingly, both the Immigration Court and the BIA had jurisdiction over her case.

2. Ramirez-Cordova argues, relying on *Pereira* and *Niz-Chavez*, that the BIA should have remanded to allow her to apply for cancellation of removal based on the deficient notice to appear. The BIA found the record contained "no indication that an application for cancellation of removal (Form I-485) was filed with the Immigration Judge or that the Immigration Judge rendered any findings regarding such an application." It therefore treated her argument as a request to remand.

2

The BIA, however, requires motions to remand to conform to the substantive standards applicable to motions to reopen removal proceedings. *See Matter of Coelho*, 20 I. & N. Dec. 464, 471 (BIA 1992). That in turn means a motion "for the purpose of submitting an application for relief must be accompanied by the appropriate application for relief and all supporting documentation." 8 C.F.R. § 1003.2(c)(1). As the BIA found, while Ramirez-Cordova's brief addressed the reasons for a remand, she did not attach a completed cancellation application or any evidence supporting her claim of eligibility for cancellation as required by the regulation. The BIA therefore permissibly denied her request to remand.[1]

3. Ramirez-Cordova challenges the BIA's determination that she was removable under 8 U.S.C. § 1182(a)(6)(C)(i) for procuring admission to the United States by fraud or willful misrepresentation of a material fact by knowingly presenting

---

[1] Ramirez-Cordova's BIA brief cited *Lopez v. Barr*, 925 F.3d 396 (9th Cir. 2019), as support for her remand request. After the BIA's decision, the en banc Court vacated the *Lopez* panel decision. *See* 948 F.3d 989 (9th Cir. 2020) (mem.). We asked the parties to address at argument whether it would have been futile for Ramirez-Cordova to apply to the BIA for cancellation of removal in light of the subsequent vacatur of *Lopez*, thus rendering the statutory exhaustion requirement inapplicable. *See* 8 U.S.C. § 1252(d)(1). We conclude that exhaustion was required because at the time Ramirez-Cordova filed her brief with the BIA, *Lopez* was still controlling precedent, and therefore it would not have been futile to attach the application for cancellation of removal to her brief.

In *Niz-Chavez*, however, the Supreme Court adopted the same reasoning as the *Lopez* panel. *See* 141 S. Ct. at 1486. We note, therefore, that Ramirez-Cordova can file a motion to reopen removal proceedings with the required application attached. We express no view on the merits should she attempt to do so.

another person's green card to Border Patrol agents to procure entry. She argues that the Board erred by failing to consider her age (14) and the overall circumstances at the time of her entry.

The BIA rejected her argument because the IJ "considered the circumstances of the entry and legal framework in determining that the respondent was within the class of aliens inadmissible at the time of her entry." The IJ, in turn, noted that she testified to being 14 years old and travelling with her mother, who supplied Ramirez-Cordova with a green card bearing another person's name and photograph. Ramirez-Cordova nevertheless told the border control agent that it was her card, upon which she was allowed to enter the United States.

To prevail, Ramirez-Cordova must establish that the IJ and BIA's findings of fact are not supported by substantial evidence in the record. Her argument rests on supposition rather than proof—"it is unlikely Petitioner understood this as lying" and "[s]he likely did not have any thoughts about the matter . . . ." The administrative record does not compel contrary factual findings, and we therefore reject this claim.

4. Ramirez-Cordova contends that she suffered past persecution based on her brother's former bosses asking her 15 or 20 times where he was and threatening to kill her if he did not show up, but she testified that she never suffered any physical harm in Mexico. She cites *Baballah v. Ashcroft*, 367 F.3d 1067, 1074 (9th Cir. 2004), for the propositions that "[t]hreats and attacks can constitute persecution even where

4

an applicant has not been beaten or physically harmed" and that multiple incidents may together constitute persecution. But *Baballah* involved more than mere verbal threats, and we have observed that "threats standing alone . . . constitute past persecution in only a small category of cases, and only when the threats are so menacing as to cause significant actual 'suffering or harm.' " *Lim v. INS*, 224 F.3d 929, 936 (9th Cir. 2000). While Ramirez-Cordova contends there is "no doubt" her brother's ex-bosses would have harmed or killed her, she has no support for that statement other than speculation. The IJ determined that her testimony was imprecise and further found that she and her mother allowing these encounters to happen 15 or 20 times before moving away undercut any claim of persecution. The BIA affirmed, finding no clear error. The evidence in the record does not compel a contrary conclusion, so we reject this claim.

5. The IJ found that Ramirez-Cordova failed to establish a nexus between the harm she fears and her membership in a protected group (i.e., the family unit). The IJ found that Ramirez-Cordova fears crime in general and that it was not "more likely than not" that she would be persecuted in Mexico based on her family membership. Ramirez-Cordova's argument before us simply emphasizes that the former bosses threatened her if her brother did not show up to confront them, but she does not address whether it is "more likely than not" that she would be persecuted because of

her family membership. Nothing in the administrative record compels a contrary finding.

6. Finally, Ramirez-Cordova challenges the BIA's finding that she failed to establish a clear probability that she would face torture if she were removed to Mexico, but she expressly relies on the same evidence and argument she advances in support of her claim for statutory withholding of removal, so her CAT claim necessarily fails as well. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008).

**PETITION DENIED.**